1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WALTER OATIS, | ) | No. C 15-2319 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL WITH |
| | ) | LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| T. FRIEDRICHS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, a California state prisoner proceeding pro se, filed a civil action in state court against defendant. Defendant has removed that case to federal court because plaintiff has alleged a violation of his civil rights under 42 U.S.C. § 1983. For the reasons stated below, the court dismisses the complaint with leave to amend.

## DISCUSSION

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

<u>Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B.      <u>Plaintiff's Claims</u>

Plaintiff alleges that on December 29, 2013, he had pain and swelling in his left heel and was escorted to the medical clinic.  Dr. Friedrichs conducted a preliminary examination and determined that plaintiff did not have an insect bite.  Among other things, Dr. Friedrichs prescribed Bactrim DS for 10 days, and ordered a foot soak for 7 days.  The following morning, plaintiff noticed that his entire foot had swollen even more and spread from his left foot to his right foot.  The medical staff did not allow plaintiff to see a doctor.  Later that night, the swelling had increased to plaintiff's right hand.  The following day, plaintiff's feet were in less pain, but plaintiff could barely move his swollen fingers.  Dr. Friedrichs did not authorize treatment for plaintiff's right hand, but instead, merely ordered benedryl injections and prescribed benedryl pills.

On January 1, 2014, plaintiff was taken to Natividad emergency room because his left arm had increased in swelling.  The hospital administered blood tests, cultures, and an ultra sound.  Plaintiff was taken to surgery and awoke in the Intensive Care Unit.  According to plaintiff's transcription of what the hospital staff wrote in his medical records, the cause of swelling was unclear, but the "working diagnosis" was that it was a reaction to "sulfa drugs."  In addition, another Natividad doctor believed that it was a necrotizing infection.

Plaintiff asserts that Dr. Friedrichs improperly prescribed Bactrim DS before giving plaintiff a full examination and failed to order preliminary screening and diagnostic tests that would have made the surgery unnecessary.  Plaintiff also claims that Central Training Facility has a policy of prescribing foot soaks for inmates suffering from infection foot fungal rather than first ordering preliminary screening or diagnostic tests to determine the nature of the treatment needed.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  Id.  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

Here, there is no indication that diagnostic blood tests would have prevented this necrotizing infection.  Moreover, there is no indication that the Natividad doctors ever determined from what the cause of plaintiff's swelling originated.  Without any factual support to show that Dr. Friedrichs knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it, plaintiff does not state a cognizable claim for deliberate indifference to his serious medical needs.  Currently as pled, at most, plaintiff has stated a claim for negligence which is not a federal claim.  Accordingly, plaintiff's claim is DISMISSED with leave to amend.  If plaintiff believes that he can state a cognizable federal claim against Dr. Friedrichs, he may file an amended complaint within thirty days of the filing date of this order.

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1.      Plaintiff's complaint is DISMISSED with leave to amend.

2.      If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended complaint must include the caption and civil case number used in this order (C 15-2319 RMW (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must

indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference.  If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an amended complaint within thirty days and in accordance with this order will result in the dismissal of this complaint without prejudice.**

3.      Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 9/15/2015

RONALD M. WHYTE
United States District Judge