IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER OATIS, | ) No. C 15-2319 RMW (PR) |
| Plaintiff, | ) ORDER OF DISMISSAL WITH |
| v. | ) LEAVE TO AMEND |
| T. FRIEDRICHS and DR. AHMED, | ) |
| Defendants. | ) |

Plaintiff, a California state prisoner proceeding pro se, filed an amended civil rights complaint, pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court dismisses the amended complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3 the alleged deprivation was committed by a person acting under the color of state law. <u>West v.</u>
4 <u>Atkins</u>, 487 U.S. 42, 48 (1988).

B.   <u>Plaintiff's Claims</u>

In plaintiff's original complaint, he named Dr. Friedichs as the sole defendant. Plaintiff alleged that Dr. Friedrichs improperly prescribed Bactrim DS to plaintiff before giving plaintiff a full examination, and failed to order preliminary screening and diagnostic tests that would have made surgery unnecessary. Plaintiff also claimed that Central Training Facility had a policy of prescribing foot soaks for inmates suffering from infection foot fungal rather than first ordering preliminary screening or diagnostic tests to determine the nature of the treatment needed.

The court dismissed the original complaint with leave to amend, finding that the facts as alleged did not lead to a reasonable inference that any diagnostic blood tests would have prevented what doctors later believed to be a necrotizing infection. There was also no indication that the Natividad doctors ever determined from what the cause of plaintiff's swelling originated. Plaintiff failed to provide facts to show that Dr. Friedrichs knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. At most, plaintiff stated a claim for negligence which is not a federal claim. The court dismissed plaintiff's complaint with leave to amend.

In plaintiff's amended complaint, plaintiff still fails to state a cognizable claim for relief. he again named Dr. Friedrichs as a defendant, and adds Dr. Ahmed as well. Plaintiff alleges that on December 29, 2013, he had pain and swelling in his left heel and was escorted to the medical clinic. Dr. Friedrichs conducted a preliminary examination and determined that plaintiff did not have an insect bite. Among other things, Dr. Friedrichs prescribed Bactrim DS for 10 days, and ordered a foot soak for 7 days. The following morning, on December 30, 2013, plaintiff noticed that his entire foot had swollen even more and the swelling had spread from his left foot to his right foot. Later that night, the swelling had spread to plaintiff's right hand. The following day, on December 31, 2013, plaintiff's feet were in less pain, but plaintiff could barely move his

swollen fingers. Dr. Friedrichs saw plaintiff and did not order any lab work or prescribe an antibiotic for plaintiff's right hand, but ordered benedryl injections and prescribed benedryl pills instead.

On January 1, 2014, plaintiff was taken to Natividad emergency room because his left arm had increased in swelling. The hospital administered blood tests, cultures, and an ultra sound. Plaintiff was taken to surgery and awoke in the Intensive Care Unit. According to plaintiff's transcription of what the hospital staff wrote in his medical records, the cause of swelling was unclear, but the "working diagnosis" was that it was a reaction to "sulfa drugs," i.e., the Bactrim DS. Another Natividad doctor believed that it was a necrotizing infection.

Again, plaintiff alleges that Dr. Freidrichs "improperly prescribed Antibiotic Bactrim DS before examining [plaintiff] and failed to order preliminary screening and diagnostic tests that would have made unnecessary a disfiguring surgery procedure." (Am. Compl. at 7-8.) Plaintiff further alleges that Dr. Friedrichs denied plaintiff "access to [] medical care and a necessary blood test." (Id. at 16.) Plaintiff again argues that the prison had a policy of prescribing foot soaks for inmates who have an infectious foot fungus instead of ordering preliminary screening or diagnostic tests to determine the nature of treatment needed for an apparent fungal infection.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

Here, there is no indication that diagnostic blood tests or preliminary screening would

1  have informed Dr. Freidrichs that plaintiff would have an allergic reaction to the Bactrim DS.
2  There are no facts from which it can be inferred that Dr. Freidrichs knew that plaintiff would
3  have an allergic reaction to Bactrim DS, or that Dr. Freidrichs knew that plaintiff was having an
4  allergic reaction.  There is also no indication that the Natividad doctors ever conclusively
5  confirmed what the cause of plaintiff's swelling originated.  Again, there are insufficient facts to
6  show that Dr. Friedrichs knew that plaintiff faced a substantial risk of serious harm, and
7  disregarded that risk by failing to take reasonable steps to abate it.  Currently as pled, at most,
8  plaintiff has again stated a claim for negligence which is not a federal claim.

9       In addition, although plaintiff states that the prison had a policy of refusing to order
10 preliminary screening or blood tests, plaintiff does not name a defendant who has implemented
11 this policy, or is responsible for carrying out this policy.  See Redman v. County of San Diego,
12 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  Finally, although plaintiff names Dr. Ahmed as a
13 defendant, he proffers no facts to demonstrate what Dr. Ahmed did or did not do, much less that
14 Dr. Ahmed's actions both actually and proximately caused the deprivation of a federally
15 protected rights.  See Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1085
16 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

17      Accordingly, plaintiff's amended complaint is DISMISSED.  Plaintiff will have one more
18 opportunity in which to file an amended complaint.  If plaintiff believes that he can state a
19 cognizable federal claim, he may file a second amended complaint within thirty days of the filing
20 date of this order.

## CONCLUSION

22 For the foregoing reasons, the court hereby orders as follows:

23     1.    Plaintiff's amended complaint is DISMISSED with leave to amend.

24     2.    If plaintiff can cure the pleading deficiencies described above, he shall file a
25 SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The
26 amended complaint must include the caption and civil case number used in this order (C 15-2319
27 RMW (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  The second
28 amended complaint must indicate which specific, named defendant(s) was involved in each

1  cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff
2  alleges was violated.  Plaintiff may not incorporate material from the prior complaint by
3  reference.  If plaintiff files a second amended complaint, he must allege, in good faith, facts - not
4  merely conclusions of law - that demonstrate that he is entitled to relief under the applicable
5  federal statutes.  **Failure to file a second amended complaint within thirty days and in**
6  **accordance with this order will result in the dismissal of this case without prejudice.**

7        3.      Plaintiff is advised that an amended complaint supersedes the original complaint.
8  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
9  in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
10 Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.
11 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

12       4.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
13 court informed of any change of address by filing a separate paper with the clerk headed "Notice
14 of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
15 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
16 of Civil Procedure 41(b).

17       IT IS SO ORDERED.

18 DATED:  3/24/2016

19 *Ronald M. Whyte*
    RONALD M. WHYTE
    United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\RMW\CR.15\Oatis319dwla2.wpd     5